UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                                         Case No.: 8:15-bk-09534-CPM
                                                                                                Chapter 7
Elsie Dillon Roush

Debtor.
_____

MOTION TO SELL REAL PROPERTY AND PAY SECURED CREDITORS
(3002 12th Avenue, Saint Petersburg, FL, 33713)

**NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST A HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail. If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 801 N. Florida Ave., Suite 555, Tampa, FL 33602-3899 and serve a copy on the movant's attorney, Richard M. Dauval, 3900 1st Street North, Suite 100, Saint Petersburg, FL 33703, and any other appropriate persons within the time allowed.**

**If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.**

**If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

COMES NOW Stephen L. Meininger, Chapter 7 Trustee, by and through his undersigned counsel, and hereby moves for authority to sell certain improved real property free and clear of all liens, encumbrances and interests, and in support thereof states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2) (A), (M), (N) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein are, *inter alia*, 11 U.S.C. §§ 105, 363(b) and Federal Rules of Bankruptcy Procedure 2002 and 6004.

## BACKGROUND

4. On September 19, 2015, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Stephen L. Meininger was appointed Chapter 7 trustee (the "Trustee").

The Debtor owns real property, by virtue of a deed, located at 3002 12th Avenue, Saint Petersburg, FL, 33713, more particularly known as:

> ALL THAT CERTAIN PARCEL OF LAND SITUATED IN COUNTY OF PINELLAS ON THE STATE OF FLORIDA BEING KNOWN AND DESIGNATED AS:
>
> LOT 5, BLOCK 10, FLORAL VILLA ESTATES, ACCORDING TO THE MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK 7, PAGE 17, PUBLIC RECORDS OF PINELLAS COUNTY, FLORIDA (the "Property").

6. The Trustee completed a title search and found that the Property is encumbered by a mortgage lien. By priority, but not including any outstanding property taxes or municipal liens, the Property is encumbered as follows:

   a. a first mortgage lien exceeding $119,200.00 in favor of MERS, Inc. as Nominee for Countrywide Home Loans, Inc. Such mortgage was recorded on January 9, 2006 in Book 14858, Page 2573 in the public records of Highlands County. The same mortgage was later assigned in favor of The Bank of New York Mellon FKA The

    Bank of New York, as Trustee for CWABS, Inc., asset-backed certificates, series 2006-1 in Book 18147, Page 372 in the public records of Pinellas County, Florida and is now serviced by Shellpoint Mortgage (hereinafter, "Shellpoint Mortgage").

  b. An uncertified judgment in favor of CitiFinancial Services, Inc. was recorded on May 2, 2012 against the Debtor in the amount of $ 11,175.52, plus interests and costs, in Book 17568, Page 829 of the official records of Pinellas County, Florida; and an uncertified Agreed Final Judgment in Garnishment was recorded on March 8, 2013 in Book 17916, Page 1355 of the official records of Pinellas County, Florida. The Trustee does not believe that either of the aforementioned judgments create a lien on the Property, and proposes not to pay them when closing the sale of the Property.

7. The Trustee has accepted an offer from Florida Rentals II, Inc. (the Buyer) to purchase this home in the amount of $75,100.00, as payment in full (subject to Court and Lienholder approval). The current offer was not the only offer on the property but is the highest offer. Moreover, the estate believes it is a fair offer for the current economy and the length the property has remained on the market.

8. Any real property taxes will be paid prorated.

9. The sale price of $75,100.00, net the closing costs and anticipated $5,000.00 11 U.S.C. 503(c) surcharge to the bankruptcy estate, will not be enough to satisfy the outstanding lien. Accordingly, the Trustee has obtained approval of the sale by the lien holder(s) of the property. To that end, the lienholders are hereby on notice that if they believe they are receiving less than reasonable value for the release of their liens, they need to object to the proposed sale of the Property.

10. The Trustee has attached a "DRAFT" Settlement Statement that outlines the proposed distribution of the sale proceeds at closing, as Exhibit "A."

11. The Buyer is a disinterested party, the Trustee finds it to be acting in good faith, and that Florida Rentals II, Inc. should be afforded the protections under Section 363(m).

## AUTHORITY TO SELL

12. Pursuant to § 363(b)(1) of the Bankruptcy Code, a trustee, after notice and hearing, may use, sell or lease property of the estate other than in the ordinary course of business. Additionally, pursuant to § 363(f) of the Bankruptcy Code, the trustee may sell property free and clear of any interest in such property of an entity other than the estate if (i) permitted under applicable non-bankruptcy law, (ii) the party asserting such interest consents, (iii) the interest is a lien and the purchase price of the property is greater than the aggregate amount of all liens on the property, (iv) the interest is subject of a bona fide dispute, or (v) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

13. Section 363(f) of the Bankruptcy Code is stated in the disjunctive. Thus, it is only necessary for the Trustee to satisfy one of the five conditions of § 363(f).

14. The Trustee avers that he shall satisfy section 363(f) (2) insofar as all lien holders shall consent to a sale of the property under section 363(f) (2), and that he should then be authorized to sell the Property free and clear of all liens, claims, encumbrances and interests.

## CONCLUSION

15. The Trustee, in the exercise of his business judgment, believes, and therefore avers, that the proposed sale is in the best interest of the creditors of the bankruptcy estate insofar as there is otherwise no equity in the Property, the Trustee is more familiar with the current market than other interested parties, and a sale under this motion serves the best interest of all interested parties, including the Secured Creditors. The Buyer has agreed, subject to Court approval, to pay to the Trustee the sum of $75,000.00 in exchange for the Property free and clear of all liens, encumbrances, or interests.

WHEREFORE, the Trustee moves for the entry of an Order substantially in the form attached hereto:

A. Authorizing the sale of the Property to the purchaser free and clear of all liens, encumbrances, or interests of any party; and,

B. Authorizing the Trustee to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the Property free and clear of all liens, encumbrances, or interests, including without limitation, executing a deed conveying the interests of the Debtor or any other party claiming an interest in the Property to the Purchaser;

C. Authorizing the Trustee and any escrow agent upon the Trustee's instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro rated as of the closing with respect to the real property included among the purchased assets (b) any outstanding Home Owner's Association fee or assessment arrearages; and (c) other anticipated closing costs:

    Total Sales/Brokers Commission:
        6% to Hofacker & Associates                                   $ 4,506.00*
*commission is anticipated to be shared with cooperating agent from Century 21 Coast to Coast

    Title Charges:                                                           $ 1,060.00
    Government recording / transfer charges:            $ 525.70
    Satisfaction of Liens:
        Shellpoint Mortgage, Inc. (home mortgage)          $68,498.96

D. Determining that all affected interests have been adjudged and declared to be unconditionally released as to the Property;

E. Determining that the Buyer has not assumed any liabilities of the Debtor;

F. Determining that the Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and that the Buyer is entitled to all protections of Section 363(m) of the Bankruptcy Code, and

G. Granting the Trustee such other and further relief as is just and proper.

                                           Respectfully submitted,

                                           /s/ Richard M. Dauval, Esquire
                                             Richard M. Dauval, Esq.
                                             FBN 0664801
                                             Leavengood, Dauval, Boyle & Meyer, P.A.
                                             3900 1st Street North, Suite 100
                                             Saint Petersburg, FL 33703
                                             727-327-3328 x303

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing has been served by U.S. Mail and/or electronic delivery to:
Lien Holders: Shellpoint Mortgage c/o Elizabeth R. Wellborn, Esq., ewellborn@wpinjurylaw.com

Debtor, Elsie D. Roush, 150 N Orange Avenue, Ste. 412, Orlando, FL 32801-2317

Debtor's Counsel, Robert D. DeLeon Esq., bkecf@kelattorneys.com
Chapter 7 Trustee, Stephen L. Meininger, slmeininger@earthlink.net

United States Trustee, ustp.region21.ecf@usdoj.gov

CitiFinancial Services, Inc., President, 388-390 Greenwich Street, Manhattan, New York, 10013 (certified mail)

and all parties of interest on the Matrix this April 11, 2017.

/s/ Richard M. Dauval, Esquire
Richard M. Dauval, Esq.

| American Land Title Association | ALTA Settlement Statement - Combined |
|---|---|
| | Adopted 05-01-2015 |

ServiceLink, LLC
ALTA Universal ID:
400 Corporation Drive
Aliquippa, PA 15001

| | |
|---|---|
| File No./Escrow No.: | 150318323ab |
| Print Date & Time: | March 22, 2017  12:34 pm |
| Officer/Escrow Officer: | Dreena Buckholt |
| Settlement Location: | 400 Corporation Drive |
| | Aliquippa, PA 15001 |
| Property Address: | 3002 12th ave |
| | Saint Petersburg, FL 33713 |
| Borrower: | FLORIDA RENTALS II, INC |
| Seller: | STEPHEN MEININGER, BK TRUSTEE FOR THE ESTATE OF ELSIE ROUSH |
| Lender: | |
| Settlement Date: | April 28, 2017 |
| Disbursement Date: | April 28, 2017 |

| Seller | | Description | Borrower | |
|---|---|---|---|---|
| Debit | Credit | | Debit | Credit |
| | | **Financial** | | |
| | 75,100.00 | Sale Price of Property | 75,100.00 | |
| | | Deposit or earnest money | | 5,000.00 |
| | | | | |
| | | **Prorations/Adjustments** | | |
| 509.34 | | County Taxes 01/01/17 - 04/28/17 | | 509.34 |
| | | | | |
| | | **Title Charges and Escrow/Settlement Charges** | | |
| | | Closing Fee to ServiceLink, LLC | 475.00 | |
| 600.00 | | Closing Fee to ServiceLink, LLC | | |
| | | Deed Prep Fee to ServiceLink, LLC | 60.00 | |
| | | Florida Surcharge to ServiceLink, LLC | 3.28 | |
| | | to | 250.00 | |
| 460.00 | | Owner's Title Insurance to ServiceLink, LLC Coverage: 75,100.00 Premium: 431.83 | | |
| | | | | |
| | | **Commissions** | | |

| Seller Debit | Seller Credit | Description | Borrower Debit | Borrower Credit |
|---|---|---|---|---|
| | | **Commissions (continued)** | | |
| 3,004.00 | | Commission to HOFACKER & ASSOCIATES - RONALD HALL - NEED ADDRESS | | |
| 1,502.00 | | commission to CENTURY 21 COAST TO COAST - VERA DAVIS - NEED MAIL | | |
| | | | | |
| | | **Government Recording and Transfer Charges** | | |
| | | Recording Fees | 18.50 | |
| 525.70 | | TRANSFER TAX | | |
| | | | | |
| | | **Payoff(s)** | | |
| 68,498.96 | | Payoff of First Mortgage Loan to SHELLPOINT    Loan Payoff                     0.00    Total Payoff            68,498.96 | | |
| | | | | |
| | | **Miscellaneous** | | |
| | | BUYERS PREMIUM to BK ESTATE | 5,000.00 | |
| | | | | |

| Seller Debit | Seller Credit | | Borrower Debit | Borrower Credit |
|---|---|---|---|---|
| 75,100.00 | 75,100.00 | Subtotals | 80,906.78 | 5,509.34 |
| | | Due from Borrower | | 75,397.44 |
| 75,100.00 | 75,100.00 | Totals | 80,906.78 | 80,906.78 |

**Acknowledgement**
We/I have carefully reviewed the ALTA Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the ALTA Settlement Statement. We/I authorize ServiceLink, LLC to cause the funds to be disbursed in accordance with this statement.

Borrower

FLORIDA RENTALS II, INC

BY:_____


Seller

STEPHEN MEININGER, BK TRUSTEE FOR
THE ESTATE OF ELSIE ROUSH

BY:_____

_____
Dreena Buckholt
CLOSING COORDINATOR